IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Lynch, III, #244917,<br><br>                              Plaintiff,<br><br>v.<br><br>Stacy Smith; Bonnie Degraffenried;<br>and Karen Cooper,<br><br>                            Defendants. | C/A No. 2:24-cv-987-JFA-MGB<br><br><br>**ORDER** |

      Plaintiff James Lynch, III ("Plaintiff"), proceeding pro se, filed a letter with this Court on February 26, 2024, stating that he had filed a "legal civil action" against Stacy Smith, Bonnie Degraffenried, and Karen Cooper (medical staff at Plaintiff's correctional institution). The letter was filed as a complaint and the instant case was opened. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

      After performing an initial review of the complaint, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 4). Within the Report, the Magistrate Judge opines that the initial letter filed in this case was merely intended to serve as an administrative communication, rather than a separate pleading, and that the instant case was likely opened in error. *Id.* Plaintiff's claims are more

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

fully set forth in a separate action. (*See* Case No. 2:24-cv-03010-JFA-MGB). Therefore, the Magistrate Judge concluded that the instant action should be closed. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 20, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by June 3, 2024. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal as his claims are more fully set forth in a separate action still pending before this court.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the

Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 4). Consequently, this action is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 18, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge